ABEL S. SMALL

*vs.*

WENLOCK H. COLLINS.

WENLOCK H. COLLINS *vs.* ABEL S. SMALL.

Sussex, Sept. T. 1878.

*Restraint of judgment at law.*

On an application to restrain the enforcement of a judgment at law, the court of chancery must see that each party acts in accordance with

his agreement; that the judgment plaintiff shall not collect from the defendant more than is honestly due him; and that the injunction power of the court is not awarded to restrain the collection of any amount justly owing on the judgment.

BILL TO RESTRAIN THE ENFORCEMENT OF A JUDGMENT AT LAW; AND CROSS-BILL.—The case is sufficiently set forth in the opinion.

*Jacob Moore* and *Charles M. Cullen* for Small.

*Caleb S. Layton* for Collins.

THE CHANCELLOR.—These are cross-bills. They grow out of the circumstances attending and consequent upon the sale and purchase of a farm or tract of land owned by Collins and conveyed by him to Small. The negotiations for the sale and purchase were conducted through a land agent, and perhaps most of the difficulties between the parties have arisen from this cause.

It appears that on the 27th day of February, 1866, Collins recovered a judgment by confession against Small in the Superior Court of Delaware in and for Sussex County, wherein the debt was $4,705, payable in three equal installments of $1,568.33⅓. It appears that the first and second installments have been paid, and that an execution has been issued on the last installment, under which the sheriff has advertised the goods and chattels of Small for sale. Small claims that certain moneys due by Collins to sundry persons have been attached in his hands, and that there is not due to Collins the amount of the third installment, because, by the terms of purchase from Collins of the land, he, Collins, was to convey an unincumbered title to him of the lands; and that the land conveyed by Collins to him was at the time incumbered by certain judgments which Collins was to pay and satisfy, but which he has not paid and satisfied, and which he, Small, has since been compelled to pay, as well as to pay under attachment sundry sums of money for Collins.

It is unnecessary to consume time in stating all the alle-

gations in either of the bills or answers filed in these causes, or the proofs by the witnesses in these suits between the parties. There is no principle of equity involved in either of the cases, in respect to which there can be any dispute or upon which this court is called upon to decide.

The only thing to be decided by me is that each party shall act in accordance with his agreement; that Collins shall not collect from the defendant, by sale of his goods and chattels, or otherwise, more than is honestly due him; and that the injunction power of this court shall not be awarded to restrain the collection of any amount which Small may be justly owing on the judgment so as aforesaid confessed by him to Collins.

This case has been almost interminable. It has been continued from term to term at the suggestion of the parties, with the view to allow them amicably to settle their differences. The injunction in this case was originally awarded by my predecessor in office. Having heard the solicitors of the parties respectively, at great length, debate the case with a zeal and ability which did them credit, and having patiently and thoroughly examined the voluminous depositions and other papers in these causes, I am satisfied that Small is indebted to Collins on the judgment so as aforesaid recovered by Collins against him, in the sum of $639.90, with interest from April 7, 1871.

And I therefore dissolve the injunction heretofore awarded as to that amount, and make it perpetual in respect to any sum in excess thereof.